# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WCSE MONTANE LIMITED | ) | Case No. 09-18752 |
| PARTNERSHIP, *et al*., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

## NOTICE OF MOTION

TO:     See Attached Service List

**PLEASE TAKE NOTICE** that on **September 1, 2009 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox** in Courtroom No. 619 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Debtors' Motion For Authority To Compromise Claims,** a copy of which is attached and herewith served upon you, and shall request for the entry of an order in conformity with that motion.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Steven B. Towbin (#2848546)
> Peter J. Roberts (#6239025)
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

Peter J. Roberts certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the attached Service List via U.S. Mail, first class, postage prepaid, on this 6th day of August, 2009.

> /s/ Peter J. Roberts

## SERVICE LIST

Richard C. Friedman
Office of the U.S. Trustee
219 S. Dearborn St., Ste. 873
Chicago, IL 60604

CF Montane LP LLC
2 North LaSalle St., Suite 925
Chicago, IL 60602

CF Montane SLP LLC
2 North LaSalle St., Suite 925
Chicago, IL 60602

WCSE Montane Limited Partnership
2 North LaSalle St., Suite 925
Chicago, IL 60602

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn, 7th Floor
Chicago, IL 60604

Adnan Paruk & Sheerin Ali
2848 Woodside St., Unit #304
Dallas, TX 75204

Anahit Hoyhannisyan
2848 Woodside St., Unit #205
Dallas, TX 75204

Annie Josefsen
2848 Woodside St., Unit #303
Dallas, TX 75204

Barbara Schwartz
2848 Woodside St., Unit #404
Dallas, TX 75204

Carol Brody
2848 Woodside St., Unit #704
Dallas, TX 75204

Christopher M. Weil
Weil & Petrocchi, P.C.
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

City Attorney's Office
Dallas City Hall
1500 Marilla St., Room 7D
Dallas, TX 75201

City of Dallas
Dallas City Hall
1500 Marilla St.,
Dallas, TX 75201

Code Compliance
City of Dallas
3112 Canton St., Ste. A
Dallas, TX 75226

DGP, LLC
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

Damon Gallot
2848 Woodside St., Unit #504
Dallas, TX 75204

Debbie Maxey
2848 Woodside St., Unit #701
Dallas, TX 75204

James & Denise Francois
2848 Woodside St., Unit #505
Dallas, TX 75204

Donald Weintraub
2848 Woodside St., Unit #205
Dallas, TX 75204

Douglas Rand
2848 Woodside St., Unit #702
Dallas, TX 75204

Drexel Development Company LLC
3100 Monticello Ave.
Suite 900
Dallas, TX 75205

Drexel Montane Condo. Assoc., Inc.
c/o Mr. Donald Weintraub
2848 Woodside, Unit #205
Dallas, TX 75204

Edith Van Steen
2848 Woodside St., Unit #204
Dallas, TX 75204

Marcianito & Ellen Bautista
2848 Woodside St., Unit #402
Dallas, TX 75204

Ernest Yates
2848 Woodside St., Unit #405
Dallas, TX 75204

Frank & Lynn Fisher
2848 Woodside St., Unit #501
Dallas, TX 75204

Ilse Zale
2848 Woodside St., Unit #201
Dallas, TX 75204

James Deets
2848 Woodside St., Unit #301
Dallas, TX 75204

James E. Girards
The Girards Law Firm
10000 N. Central Expy, Ste. 750
Dallas, TX 75231

James Girards
2848 Woodside St., Unit #605
Dallas, TX 75204

Jeffrey GueSt.
2848 Woodside St., Unit #502
Dallas, TX 75204

Jeffrey Taylor
2848 Woodside St., Unit #503
Dallas, TX 75204

Joseph Torbica
2848 Woodside St., Unit #705
Dallas, TX 75204

Julie Cantrell
2848 Woodside St., Unit #604
Dallas, TX 75204

Julie Wilder
2848 Woodside St., Unit #401
Dallas, TX 75204

Katrina Kershner
2848 Woodside St., Unit #403
Dallas, TX 75204

La Grange Acquisition, L.P.
3738 Oak Lawn Ave.
Dallas, TX 75219

Lackey Hershman LLP
Attn: Scott Hershman
3102 Oak Lawn Ave., Ste. 777
Dallas, TX 75219

Lea Barfield
2848 Woodside St., Unit #202
Dallas, TX 75204

Linda Torbica
2848 Woodside St., Unit #705
Dallas, TX 75204

M. Byron Wilder
2848 Woodside St., Unit #401
Dallas, TX 75204

{7108 MOT A0235116.DOC}                 2

Marc Lipton
2848 Woodside St., Unit #704
Dallas, TX 75204

Maria Yates
2848 Woodside St., Unit #405
Dallas, TX 75204

Marylee Kellogg
2848 Woodside St., Unit #202
Dallas, TX 75204

Matthew Dyer
2848 Woodside St., Unit #302
Dallas, TX 75204

Matthew Summers
2848 Woodside St., Unit #305
Dallas, TX 75204

Mikel J. Bowers, Bell Nunnally
3232 McKinney Ave.
1400 One McKinney Plaza
Dallas, TX 75204-2429

Montane Investors Ltd. Partnership
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

Novack & Macey LLP
Attn: Eric Macey
100 N. Riverside Plaza
Chicago, IL 60606

Patricia Turner
2848 Woodside St., Unit #601
Dallas, TX 75204

Phillip Van Kuiken
2848 Woodside St., Unit #203
Dallas, TX 75204

R. Glenn Wiggins
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

Ray Van Steen
2848 Woodside St., Unit #204
Dallas, TX 75204

Richard Critchlow
2848 Woodside St., Unit #602
Dallas, TX 75204

Robert Dale
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

Robert Ivey
2848 Woodside St., Unit #603
Dallas, TX 75204

Robert M. Edelman
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

Ronny Maxey
2848 Woodside St., Unit #701
Dallas, TX 75204

Searle Turner
2848 Woodside St., Unit #601
Dallas, TX 75204

Sharry Krutsch
2848 Woodside St., Unit #703
Dallas, TX 75204

Site Resources Montane Ltd.
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

The Concord Group
Attn: Mr. Peter Renton
161 N. Clark St., Ste. 2050
Chicago, IL 60601

Theodore Zale
2848 Woodside St., Unit #201
Dallas, TX 75204

Vicky Rand
2848 Woodside St., Unit #702
Dallas, TX 75204

Wiggins Woodside Partnership
c/o Christopher M. Weil
1900 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201

William Cantrell
2848 Woodside St., Unit #604
Dallas, TX 75204

Winn Media
1444 Oak Lawn Ave, Bldg 4
Suite 400
Dallas, TX 75207

Wrightwood Capital LLC
2 North LaSalle St., Suite 925
Chicago, IL 60602

Wrightwood Capital Strategic Equity
Fund 1 GP LLC
2 North LaSalle St., Suite 925
Chicago, IL 60602

Wrightwood Capital Strategic Equity
Fund I LP
2 North LaSalle St., Suite 925
Chicago, IL 60602

William T. Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WCSE MONTANE LIMITED PARTNERSHIP, *et al*., | ) ) | Case No. 09-18752 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

**DEBTORS' MOTION FOR AUTHORITY TO COMPROMISE CLAIMS**

Pursuant to Fed. R. Bankr. P. 9019, WCSE Montane Limited Partnership ("WCSE Montane"), CF Montane SLP, LLC ("CF SLP"), and CF Montane LP, LLC ("CF LP," and together with WCSE Montane and CF SLP, the "Debtors") hereby request that this Court enter an order authorizing the Debtors to compromise their dispute with various parties in connection with the lawsuit that necessitated the filing of their bankruptcy cases. In a nutshell, the compromise, which is memorialized in the settlement agreement attached hereto (without exhibits) as Exhibit A ("Settlement Agreement"), provides for certain non-debtor affiliates of the Debtors to fund the lion's share of the lawsuit's settlement in exchange for a release of associated claims, including the Debtors' release of any and all veil piercing and alter ego claims that it may have against those non-debtor affiliates. The compromise also contemplates the dismissal of the Debtors' bankruptcy cases, which the Debtors have sought through a separate motion filed contemporaneously herewith. In support of this motion, the Debtors respectfully represents as follows:

**I.   INTRODUCTION**

    **A.   The Debtors' Chapter 11 Cases**

1. On May 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since then, the Debtors have remained in

{7108 MOT A0235116.DOC}

possession of their assets and have continued to operate their business as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108.  The Debtors have all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

B. **The Debtors' Ownership Structure**

3. The Debtors were organized for the purpose of owning the Drexel Montane Condominiums, a 30 unit condominium building located in Dallas, Texas (the "Condominium"). WCSE Montane f/k/a Drexel Montane Limited Partnership is a single asset partnership formed specifically to own the Condominium.

4. The original partners of WCSE Montane were DGP, LLC, Wiggins Woodside Partnership, Site Resources Montane, Ltd., and Montane Investors Limited Partnership (collectively, the "Original Partners").  As of the Petition Date, however, CF SLP was the sole general partner of WCSE Montane, and CF LP was the sole limited partner of WCSE Montane.

5. CF SLP and CF LP are wholly owned by Wrightwood Capital Strategic Equity Fund I LP ("WCSE Fund I LP").  The sole general partner of WCSE Fund I LP is Wrightwood Capital Strategic Equity Fund I GP, LLC ("WCSE Fund I GP"), which is wholly owned by Wrightwood Capital Fund Manager, LLC ("Fund Manager").  The Fund Manager is wholly owned by Wrightwood Capital, LLC ("Wrightwood").

C. **The Texas Lawsuit**

6. From April 2004 through August 2008, WCSE Montane sold all 30 units at the Condominium to individual purchasers.  Since February 2005, the Condominium has been controlled by The Montane Condominium Association ("Association").

7. The Debtors are parties to a lawsuit ("Lawsuit") that was originally filed in the 192nd Judicial District Court of Dallas County Texas as Cause No. 07-03400-K and which was subsequently removed to the United States District Court for the Northern District of Texas as Case No. 3-09CV0956-B.  In the Lawsuit, the Association and other entities have asserted a multitude of claims against the Debtors and other parties in connection with the Condominium.

8. During the weekend of March 20, 2006, Dallas incurred historic rainfall, with up to eight inches falling in a matter of hours in some areas, and the Condominium experienced water seepage and accumulation in one area of the lowest level of its parking garage.  On November 15, 2006, the Association served WCSE Montane and the registered builder of the Condominium with notice of claims against them related to the water infiltration and other alleged construction defects at the Condominium.

9. In accordance with the terms of a May 3, 2006 settlement agreement ("Settlement Agreement") between WCSE Montane's partners at the time, WCSE Montane and Wrightwood tendered the defense of the Association's claims to the Original Partners and the Condominium's builder and developer, Drexel Development Company LLC ("DDC"), and its affiliates (collectively with the Original Parties and DDC, the "Drexel Parties").  Pursuant to the Settlement Agreement, the Drexel Parties had agreed to indemnify, defend, and hold harmless WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP (collectively, the "Wrightwood Entities") from certain claims by the Association and unit owners at the Condominium ("Unit Owners").

10. When the Drexel Parties failed to fulfill their indemnity obligations under the Settlement Agreement in connection with the Association's claims, WCSE Montane and Wrightwood commenced the Lawsuit against the Drexel Parties.  In response, the Drexel Parties

{7108 MOT A0235116.DOC} 3

asserted counterclaims against WCSE Montane and Wrightwood. Moreover, in the months that followed, an individual Unit Owner, James Girards ("Girards"), intervened in the Lawsuit and asserted claims against the Association, WCSE Montane, Wrightwood, and the Drexel Parties. In response to those claims, the Association asserted claims against Girards, and it also filed third-party claims against WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, WCSE Fund I GP, DDC, the Condominium's former property manager (Inter-City Investments ("ICI")), and the property owner adjacent to the Condominium (La Grange Acquisition, LP ("LaGrange")). LaGrange then asserted claims against the Association, WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, WCSE Fund I GP, and DDC.

11. As a result of the various claims, counterclaims, crossclaims, and third party claims, the Lawsuit mushroomed far beyond the original indemnity claims of WCSE Montane and Wrightwood. The pending claims at issue in the Lawsuit are summarized as follows:

(a) The Association asserts claims against WCSE Montane for: (1) breach of contract; (2) breach of warranty; (3) negligence; (4) vicarious liability for the actions of DDC; (5) violations of the Deceptive Trade Practices Act ("DTPA"); (6) attorneys' fees; and (7) exemplary damages. The Association joined Wrightwood with respect to its claims against WCSE Montane for violations of the DTPA. The Association also asserts claims against Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP, alleging that they should be jointly and severally liable for the debts of WCSE Montane based on theories of: (1) single business enterprise, and (2) alter ego. The Association also asserts claims (i) against Intercity Investments, Inc. ("ICI") for breach of its May 31, 2005 management agreement with the Association and negligence as such claims related to common elements of the Condominium, and (ii) against La Grange for negligence, trespass, nuisance, loss of lateral support, and violations of the Texas Water Code.

(b) La Grange asserts claims against WCSE Montane for: (1) breach of contract; and (2) violations of the Texas Water Code. La Grange also asserts claims against WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP for: (1) trespass; (2) nuisance; (3) negligence; (4) negligence per se; and (5) gross negligence/punitive damages. La Grange's claims against Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP are based on its request for a

{7108 MOT A0235116.DOC} 4

       declaration that they be jointly and severally liable for all awards requested against WCSE Montane on veil piecing theories that the "corporate fiction" of WCSE Montane be disregarded.

(c)    Girards asserts claims against WCSE Montane and Wrightwood for: (1) fraud by non-disclosure; (2) common law fraud; (3) conspiracy to commit fraud; (4) fraudulent inducement; and (5) DTPA claims. Girards' claims against Wrightwood are premised on veil piercing and single business enterprise theories that seek to hold Wrightwood liable for any award against WCSE Montane.

(d)    The Drexel Parties assert claims against WCSE Montane and Wrightwood related to the Settlement Agreement for: (1) indemnity; (2) contribution; and (3) set-off. The Drexel Parties' claims against Wrightwood are premised on its affiliation with WCSE Montane and CF Montane Entities.

The claims against the Wrightwood Entities in the Lawsuit primarily consist of claims against WCSE Montane. The few misrepresentation and contract claims that remain against Wrightwood are based on actions taken by and through the Debtors and otherwise require the determination of the claims asserted against the Debtors. The other claims against Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP, are veil-piercing and alter ego claims, which seek to hold them liable for the claims asserted against WCSE Montane and the other two Debtors. Under applicable law, those claims are property of the Debtors' estates. *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1349-50 (7th Cir. 1987) (an alter ego claim is property of an Illinois debtor and its estate); *Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*, 398 B.R. 736, 759-60 (S.D.N.Y. 2008) (same for a Delaware debtor and its estate).

## II.   PROPOSED COMPROMISE OF THE LAWSUIT

12.    Due to the limited amount of the Debtors' remaining assets and their inability to satisfy a judgment in the Lawsuit, the Debtors filed their chapter 11 cases in order to obtain the benefit of the automatic stay and use the chapter 11 process as a platform to administer their remaining assets for the benefit of all of their creditors.

13. Since the Petition Date, the Debtors and the other Wrightwood Entities have engaged the other parties to the Lawsuit in negotiations regarding a consensual resolution of the Lawsuit. As a result of their negotiations, the parties have agreed, subject to this Court's approval, to a compromise and global resolution of the Lawsuit through the execution of the Settlement Agreement attached hereto as Exhibit A ("Settlement Agreement"). With respect to the claims of and against the Debtors, the Settlement Agreement generally provides that:[1]

(a) The Wrightwood Entities will collectively pay $770,000 ("Settlement Payment") to the Association and LaGrange.

(b) One or more of Wrightwood, WCSE Fund I LP, and/or WCSE Fund I GP shall collectively contribute approximately $749,000 toward the Settlement Payment in exchange for releases of the claims of all parties to the Lawsuit, including the release and extinguishment of any claims that the Debtors may have against them for veil piercing claims, alter ego claims, or any other claims.

(c) In exchange for the releases of all claims against them by the Association, the Debtors shall contribute approximately $21,000 ("Debtors' Contribution") toward the Settlement Payment, which amount constitutes approximately 100% of the Debtors' available funds.

(d) Except for their obligations under the Settlement Agreement, the Parties shall mutually release each other from any claims related to the Condominium or the Lawsuit, including any veil piercing or alter ego claims against any of the Wrightwood Entities.

(e) Within three days of the Settlement Agreement's execution and its ratification by the Unit Owners, the Debtors shall seek this Court's approval of the Settlement Agreement and move to dismiss the Debtors' bankruptcy cases.[2]

---

[1] This summary is qualified by the more specific terms of the Settlement Agreement. To the extent of any discrepancy, the Settlement Agreement controls.

[2] Through a separate motion contemporaneously filed herewith, the Debtors have requested the entry of an order dismissing their bankruptcy cases.

{7108 MOT A0235116.DOC}                    6

### III.  THE SETTLEMENT AGREEMENT SHOULD BE APPROVED

14.  This Court has broad discretion under Fed. R. Bankr. P. 9019(a) to approve the Settlement Agreement provided that it is in the best interests of the Debtors' estates. *See In re American Reserve Corp.,* 841 F.2d 159, 161 (7th Cir. 1987).  The Court need not, however, "conclusively determine claims subject to compromise, nor find that the settlement constitutes the best result obtainable*."*  *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir.) *cert. denied*, 464 U.S. 822 (1983)).  All that is required is for the Court to "canvass the issues to determine the settlement does not fall 'below the lowest point in the range of reasonableness.'" *Apex Oil*, 92 B.R. at 867.

15.  In assessing the Settlement Agreement, the Court must consider: (i) the estate's probability of success in the underlying litigation; (ii) the cost of the litigation; (iii) the complexity of the litigation; (iv) the inconvenience and delay that a continuation of the litigation will cause; and (v) creditors' views on the settlement though such views are not controlling. *See American Reserve*, 941 F.2d at 161-62; *In re Central Ice Cream Co.*, 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985), *appeal dismissed*, 62 B.R. 357 (N.D. Ill. 1986); *Apex Oil*, 92 B.R. at 867.

16.  The estate property at issue in the Lawsuit substantially consists of the alter ego and veil piercing claims that other parties had asserted against certain of the Wrightwood Entities prior to the Petition Date.  However, after assessing (i) the viability of those alter ego and veil piercing claims; (ii) the extremely limited resources available in the Debtors' estates; (iii) the anticipated litigation costs and corresponding risks involved in ever attempting to prosecute the alter ego and veil piercing on behalf of the Debtors' estates; (iv) the immediate value that can be achieved for the Debtors' estates on account of those claims through the commitment of Wrightwood, WCSE Fund I LP, and WCSE Fund I GP to collectively fund approximately $749,000 of the Settlement Payment to satisfy claims that are primarily borne by the Debtors;

and (v) the savings that the Debtors can achieve for their estates and unsecured creditors through the Settlement Agreement rather than the continuation of these bankruptcy cases or further expensive litigation on the issues at stake in the Lawsuit, the Debtors have concluded that the Settlement Agreement is fair in all respects and represents a favorable resolution of those issues in a manner that is consistent with the best interests of the Debtors' estates. The Debtors request that the Settlement Agreement be approved accordingly.

## IV. NOTICE

17. The Debtors served this motion on the Office of the United States Trustee and all of their known creditors. In light of the issues involved and the expense of serving notice on all of the Debtor's creditors, the Trustee believes that such notice is appropriate under the circumstances.

## V. CONCLUSION

WHEREFORE, the Debtors request that this Court enter an order substantially in the form attached hereto: (i) approving the Motion; (ii) approving the terms of the Settlement Agreement; (iii) authorizing the Debtors to take such actions and execute such documents as may be necessary to evidence the proposed compromise contemplated in this Motion, including the effectuation of the Settlement Agreement attached hereto as Exhibit A and the payment of the Debtors' Contribution; and (iv) providing such other and further relief as is just and to which the Debtors may be entitled under the circumstances.

                                        Respectfully submitted,

                                        WCSE Montane Limited Partnership, *et al*.

Dated:  August 6, 2009                By:  /s/ Peter J. Roberts
                                                                       One of their attorneys

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile